**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0227-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VICTOR OTTILIO,

    Defendant-Appellant.

_____

Argued June 3, 2024 – Decided October 23, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 23-01.

Geoffrey T. Bray argued the cause for appellant (Bray & Bray, LLC, attorneys; Geoffrey T. Bray, on the briefs).

Patrick F. Varga argued the cause for respondent (Dasti, McGuckin, McNichols, Connors, Anthony & Buckley, attorneys; Patrick F. Varga, on the brief).

The opinion of the court was delivered by

BISHOP-THOMPSON, J.A.D.

Defendant Victor Ottilio appeals from an order dismissing his complaint challenging four convictions for violations of a municipal ordinance because he installed pavers a shade tree and utility easement without obtaining the required permits. Defendant alleged that the issuance of the violations by the Township of Toms Rivers (Township) was barred by a one-year state of limitations and the conviction should be overturned because he was not given notice allowing him to cure the violations.

We have considered defendant's contentions in light of the record and applicable law. We find no merit to defendant's arguments and affirm, substantially for the reasons expressed by Judge Dina M. Vicari in her written opinion dismissing defendant's complaint.

I.

Defendant owns a residential property in the Township. Defendant filed an application with the Board of Adjustment (Board) to construct a residence and later proposed improvements on the property. Specifically, defendant sought a circular driveway with pavers within the shade tree and utility easement that ran along his property line. Defendant was told the proposed driveway expansion was permitted "as long as [defendant did not] exceed the maximum

2

widths allowed" and looked "OK for engineering purposes." Defendant was directed to contact a zoning official.

Defendant then sought a review from the zoning official of the proposed driveway expansion with the installation of pavers within the property boundary up to the property line within the shade tree and utility easement. Defendant was told to file a zoning permit application. Believing the emails from township officials authorized installation of the pavers, in May 2020, defendant installed the pavers in the shade tree and utility easement at a cost of $10,000.

In mid-September 2020, defendant filed an application with the Board for a variance to construct an in-ground pool, a fence, a walkway, and a driveway. At the October 2020 public hearing, defendant's variance application was presented, and the Board heard testimony from defendant's engineer regarding the proposed improvements. Defendant's engineer confirmed defendant would seek the "consent and approval" of the township engineer for the location of the improvements between the front property line and Estate Point Road because the Board did not have the power to approve the improvements that were "offsite" and within the right of way. Defendant also agreed to maintain the improvements in the area between the property lines and the right of way Estate

3

Point Road as shown in the plans submitted to the Board and remove the improvements if necessary.

Thereafter, on November 12, 2020, the Board issued a resolution approving defendant's application subject to certain conditions. In the resolution's findings, the Board noted that it did not have the power to approve the installation of the pavers in the easement. Thus, in paragraph 7 of the resolution, defendant was required to obtain a building permit within two years and if he failed to obtain the building permit within the prescribed period, the resolution was declared null and void. Paragraph 17 further required that defendant seek approval from the Township engineer for "any improvements proposed between the property lines and the [r]ight of [w]ay of Estate Point Road;" and if those improvements were granted by the Township engineer, defendant would execute an indemnity and hold a harmless agreement for the benefit of the Township for permitting the improvements, agree to maintain those improvements, and remove them if requested by the Township.

Defendant's application was denied on December 22, 2020 because improvements located in the shade tree and utility easement were not permitted. Defendant was told to redesign and remove those improvements or to obtain permission from the Township engineer. In a January 11, 2021 email, defendant

4

was told that written approval was required from the Township Engineer's Office for work in the shade tree and utility easement. Four days later, in a January 15, 2021 email, the Township's Engineer notified defendant that he would not be given permission to construct any improvements in the shade tree and utility easement and that all improvements must be removed.

Later in May 2021, defendant was denied a construction permit for the in-ground pool because the pavers had not been removed. That same day, defendant initialed the grading and plot plan and noted a section of the driveway should be cut back to the shade tree easement.

Defendant did not obtain the permit or execute an indemnity or hold harmless agreement. In July 2022, the Township issued four complaints-summonses regarding the installation of pavers, asserting violations for (1) failure to abide by a condition in the development permit approval (Municipal Ordinance 348-3.11E); (2) failure to correct violation of a condition of approval after thirty days (Municipal Ordinance 348-3.11E(1)); (3) failure to obtain zoning permit approval to install pavers (Municipal Ordinance 348-3.7A); and (4) mandate no development shall occur within the shade tree and utility easement (Municipal Ordinance 348-8.12D).

5

On January 25, 2023, a municipal court trial was held, at which the State presented testimony from Township officials. The trial record shows the November 12, 2020 resolution did not permit defendant to install pavers within the easement area. Nor did any Township official give defendant approval to install the pavers in the easement area. Defendant stipulated that the pavers had been installed, but explained that he believed the March 31, 2020 email from the Township engineer and the April 23, 2020 email from the Township zoning officer were sufficient approval to install the pavers in the easement notwithstanding the explicit January 15, 2021 email that denied approval and directed the removal of the pavers.

After considering the evidence and testimony, the court found defendant guilty of violating the Township's ordinances. The court-imposed fines and penalties, which was stayed and would be vacated subject to defendant's correction of the violations by removal of the pavers within thirty days.

On January 30, 2023, defendant filed an appeal from his municipal court convictions in the Law Division. Defendant then moved to dismiss the municipal summons and complaint, vacate the convictions, and to supplement the record to include trial exhibit D1 (March 30, 2021 and March 31, 2021

6

emails), exhibit J3 (January 13, 2022 and January 15, 2021 emails), and the zoning officer's April 23, 2020 email.

Judge Vicari heard oral argument on defendant's municipal appeal and motions. In a well-reasoned written opinion, issued on August 4, 2023, the judge granted defendant's motion to supplement the record, denied the motion to dismiss, and affirmed defendant's convictions. After a thorough review of the municipal court record, the judge concluded defendant was properly charged under each municipal code section. Judge Vicari rejected defendant's reliance on Caldwell Terrace Apartments, Inc. v. Borough of Caldwell, 224 N.J. Super. 588 (App. Div. 1988), reasoning this matter was factually distinguishable because, in this case, defendant had a municipal court trial, defendant did not take any remedial action to comply with the municipal ordinance, and defendant's violations were "continuous" daily offenses because the pavers were installed in the shade tree and utility easement and had not been removed. Finally, the judge found that the Township timely issued the four summonses to defendant. Thereafter, Judge Vicari imposed the same fines and penalties as the municipal court but ordered the fines would be removed if defendant removed the pavers within forty-five days. This appeal followed.

7

II.

On appeal, defendant raises the following issues for our consideration:

POINT I:  THE CONVICTIONS MUST BE OVERTURNED BECAUSE TOMS RIVER NEVER ISSUED ANY WRITTEN NOTICE OF VIOLATION WHICH IS A PREREQUISITE FOR ANY VIOLATIONS OR PENALTIES UNDER THE SUBJECT ORDINANCE VIOLATIONS.

POINT II:  THE CONVICTIONS MUST BE OVERTURNED AS THE ALLEGED VIOLATION (INSTALLATION OF PAVERS IN A SHADE TREE EASEMENT) OCCURRED MORE THAN ONE YEAR BEFORE THE SUMMONSES WERE ISSUED.

POINT III:  THE STATE DID NOT PROVE BEYOND A REASONABLE DOUBT THAT OTTILIO VIOLATED THE ORDINANCES.

POINT IV:  THE COURT SHOULD OVERTURN THE CONVICTIONS FOR VIOLATIONS OF TOMS RIVER MUNICIPAL ORDINANCE 348-3.IIE AND 348-3.1IE(1) AS THEY PERTAIN TO ENFORCEMENT PROVISIONS FOR OTHER ORDINANCE VIOLATIONS AND ARE NOT 1N THEMSELVES VIOLATIONS.

POINT V:  THE COURT SHOULD OVERTURN THE CONVICTION FOR A VIOLATION OF TOMS RIVER MUNICIPAL ORDINANCE 348-3.7A AS THERE WAS NO SIGN OR STRUCTURE, NOR WAS THERE A CHANGE IN THE USE OF A STRUCTURE OR LAND, NOR WAS THERE A CHANGE IN THE NATURAL CONDITION OF LAND THAT WOULD REQUIRE THE ISSUANCE OF A PERMIT.

POINT VI: THE COURT SHOULD OVERTURN THE CONVICTION FOR A VIOLATION OF TOMS RIVER MUNICIPAL ORDINANCE 348-8.12D AS THE ORDINANCE DOES NOT STATE THAT DEVELOPMENT MAY NOT OCCUR IN SHADE TREE EASEMENTS, NOR ARE THE PLACEMENT OF PAVERS DEFINED AS DEVELOPMENT.

Where defendant appeals from a municipal court conviction, a Law Division judge conducts a de novo trial on the municipal court record. R. 3:23-8(a)(2). On an appeal from a municipal court conviction, the Law Division is "to determine the case completely anew on the record made in the municipal court" in making independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017); State v. Powers, 448 N.J. Super. 69, 72 (App. Div. 2016).

"Our review of the factual record is also limited to determining whether there is sufficient credible evidence in the record to support the Law Division judge's findings." Powers, 448 N.J. Super at 72 (citing State v. Johnson, 42 N.J. 146, 161-62 (1964)). Thus, we review the legal conclusions drawn from the facts de novo. State v. Radel, 249 N.J. 469, 493 (2022); State v. Hubbard, 222 N.J. 249, 263 (2015). "[T]he rule of deference is more compelling where . . . two lower courts have entered concurrent judgments on purely factual issues." State v. Locurto, 157 N.J. 463, 474 (1999). "Under the two-court rule, appellate

courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Reece, 222 N.J. 154, 166 (2015) (quoting Locurto, 157 N.J. at 474). However, we owe no deference to the Law Division judge or the municipal court with respect to legal determinations. State v. Handy, 206 N.J. 39, 45 (2011).

In this appeal, defendant recasts the arguments presented on appeal in the Law Division: defendant believed he had approval, the Township did not provide notice to cure before issuing the complaints and summonses, and two of the four summonses were enforcement of the code and not violations. We reject defendant's arguments.

We are satisfied there was ample evidence in the record to support the municipal court and Judge Vicari's factual findings, conclusions of law, and the subsequent convictions. The record shows at least two instances when defendant was notified that a building permit was required for the installation of the pavers. Nonetheless, defendant did not obtain a permit or execute the indemnity and hold harmless agreement in compliance with the resolution, which rendered the resolution null and void. Moreover, Township officials informed defendant on at least two occasions that he was required to remove the

pavers before the violations were issued. Defendant failed to comply by failing to correct the installation of the pavers within thirty days and failing to remove them after six months. Thus, we have no reason to disturb the findings that defendant violated the municipal ordinances.

In addressing the penalty, the judge found that the Township's ordinance provided that each day defendant was in violation of § 348-11 constituted a separate violation. See Toms River Municipal Ordinance § 348-11(A). Based on our review of the record, defendant was properly sentenced in accordance with the ordinance.

We conclude from our de novo review that any of defendant's other contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11